UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Anderson McClellan, | ) C/A No. 9:15-2245-JMC-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Nikki R. Haley, *Governor of South Carolina, in Her Official and Individual Capacity*; Associate Warden Rick Nolan, *in His Official Capacity*, | ) |
| Defendants. | ) |

The Plaintiff, James Anderson McClellan, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate with the South Carolina Department of Corrections (SCDC), and seeks injunctive relief for alleged violations of his constitutional rights. Complaint, ECF No. 1 at 2-4.

By Order of the Court entered June 12, 2015, Plaintiff was given twenty-one (21) days to bring his Complaint into proper form by submitting a fully completed summons form listing every Defendant named in this matter; a Form USM-285 for each Defendant; and answers to the Court's special interrogatories.* Plaintiff was specifically admonished that if he failed to provide the items specified within the period prescribed in the Order, the file would be forwarded to a United States District Judge to determine whether dismissal of the case was appropriate. See In re: Procedures and Civil Actions Filed by Prisoner Pro Se Litigants, No. 3:07-mc-5014-JFA.



---

*With his Complaint, Plaintiff provided partially completed summons forms and unsigned and undated Forms USM-285.



On July 1, 2015, Plaintiff submitted a change of address form, and the proper form order was re-mailed to Plaintiff at his updated address. ECF Nos. 11 and 12. The time for Plaintiff to respond to the proper form order was extended to August 13, 2015. ECF No. 14. Additional summons and USM-285 forms were mailed to Plaintiff on July 24, 2015, and the proper form order was mailed to Plaintiff for the third time (in response to a letter from him) on July 28, 2015. ECF Nos. 17, 18. However, Plaintiff failed to provide the requested items by the extended proper form deadline. As such, Plaintiff has failed to complete his proper form process and no Defendant has been served. Therefore, it is recommended that this case be dismissed, without prejudice, for failure of the Plaintiff to comply with this Court's Order or to properly prosecute his claims. See Fed. R. Civ. P. 41(b); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of Am., 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when the plaintiff did not comply despite warning].

**The Clerk shall mail this Report and Recommendation to Plaintiff at his last known address. If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides the items requested in the Court's Order entered June 12, 2015 (ECF No. 8), the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. See Ballard, 882 F.2d at 95-96 [holding that



2

district court's dismissal following an explicit and reasonable warning was not an abuse of discretion].

        The parties are referred to the Notice Page attached hereto.

_____<br>
Bristow Marchant<br>
United States Magistrate Judge

September \_\_9\_\_, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

